**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4024**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

PRINCE JHAMIER BELL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge.  (4:13-cr-00049-RAJ-DEM-1)

Argued: October 30, 2014          Decided: November 18, 2014

Before TRAXLER, Chief Judge, and KING and THACKER, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Timothy Anderson, ANDERSON & ASSOCIATES, Virginia Beach,
Virginia, for Appellant.   Richard Daniel Cooke, OFFICE OF THE
UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.   **ON
BRIEF:** Dana J. Boente, Acting United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prince Jhamier Bell pled guilty to interference with commerce by robbery, 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), reserving his right to appeal the denial of his motion to suppress. He received a 144-month sentence. On appeal, Bell contends that the district court erred in finding that his arrest was supported by probable cause and erred in concluding that a show-up identification of him was constitutional. We affirm.

I.

On January 6, 2013, a Shell gas station in Newport News, Virginia, was robbed at gunpoint. Within minutes, police officers responded to the robbery, interviewed the victim clerk, and issued a description of the robber on the police radio. The suspect was described as a tall black man, dressed entirely in black, and wearing a black hat and scarf over his head and face. The suspect had fled on foot. Within 16 minutes of the robbery, the police located a suspect who matched the description and who was running through the nearby neighborhood. During the pursuit, the police officers were constantly communicating with one another and sharing information about the movements of the suspect. At least two officers observed the suspect running through the neighborhood, and one officer attempted a foot

2

chase. The officers were additionally assisted by nearby residents, who were also reporting the movements of the suspect. When Bell was finally apprehended, he was wearing a white t-shirt and black pants, and was out of breath and sweating. However, with the assistance of a K-9 police dog, the officers recovered a black hooded sweatshirt and a large amount of money behind the residences in the adjoining block. After apprehending Bell, officers transported the victim clerk from the Shell gas station to the location where Bell was being detained, and the clerk identified Bell as the robber based upon Bell's pants and shoes. Bell admitted running from the police, but denied participating in the robbery.

## II.

## A.

When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013). When the district court has denied the suppression motion, we construe the evidence in the light most favorable to the Government. Id. We defer to the district court's credibility findings. United States v. Griffin, 589 F.3d 148, 150-51 n.1 (4th Cir. 2009).

B.

Bell contends that the police lacked probable cause to arrest him and, therefore, that his arrest and the evidence obtained thereafter must be suppressed. In determining whether probable cause existed for Bell's arrest, the court must look at the totality of the circumstances surrounding the arrest. Illinois v. Gates, 462 U.S. 213, 230-32 (1983); see also Taylor v. Waters, 81 F.3d 429, 434 (4th Cir 1996). Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998)(en banc)(citations and internal quotation marks omitted). Determining whether the information surrounding an arrest is sufficient to establish probable cause is an individualized and fact-specific inquiry. See Wong Sun v. United States, 371 U.S. 471, 479 (1963). Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. United States v. Arvizu, 534 U.S. 266, 273 (2002). "[E]ven seemingly innocent activity when placed in the context of surrounding circumstances," can give

4

rise to probable cause.  <u>United States v. Humphries</u>, 372 F.3d 653, 657 (4th Cir. 2004) (internal quotation marks omitted).

The district court concluded that Bell's attire, demeanor, and flight through the neighborhood, in light of the short amount of time that transpired between the robbery and Bell's detention, provided the requisite probable cause.  Having carefully reviewed the parties' briefs, the materials submitted in the joint appendix, and the district court's order denying Bell's motion to suppress, we agree.  Here, the officers were entitled to rely not only upon the initial description of the suspect given by the victim clerk, but also upon the suspect's "headlong flight upon noticing police," <u>id.</u> (alteration and internal quotation marks omitted), and the information the police collectively learned from each other and the residents while in pursuit, <u>see</u> <u>United States v. Massenburg</u>, 654 F.3d 480, 492-95 (4th Cir. 2011).  Based upon the totality of the circumstances, we are satisfied that Bell's arrest was supported by probable cause.

C.

Bell next contends that the district court erred in denying his motion to suppress the victim clerk's show-up identification of him immediately after his arrest.  This court may uphold a district court's denial of a motion to suppress an out-of-court identification if we find the identification reliable, without

5

determining whether the identification procedure was unduly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). In assessing the reliability of an out-of-court identification, this court examines:

> (1) the witness's opportunity to view the suspect at the time of the crime; (2) the witness's degree of attention at the time; (3) the accuracy of the witness's initial description of the suspect; (4) the witness's level of certainty in making the identification; and (5) the length of time between the crime and the identification.

United States v. Saunders, 501 F.3d 384, 391 (4th Cir. 2007).

On appeal, Bell argues that the show-up identification was impermissibly suggestive in violation of his due process rights because the procedure utilized by the police for the show-up was inherently suggestive and no emergency existed requiring the suggestive procedures. We disagree. Prompt, on-the-scene show-ups are not per se suggestive and may in fact "promote fairness, by enhancing reliability of the identifications, and permit expeditious release of innocent subjects." Willis v. Garrison, 624 F.2d 491, 494 (4th Cir. 1980) (internal quotation marks omitted). While "[g]reater accuracy can be assured when a suspect is exhibited to a witness in the company of others having similar facial and physical characteristics under circumstances where the mind of the beholder is not affected by intended or unintended, blatant or subtle, suggestions of the suspect's probable guilt," one-man confrontations are not

6

impermissibly suggestive when they occur promptly after the commission of a crime, the police have obtained a good description of the offender, and the show-up is completed under circumstances where it is important to continue the search for the real culprit promptly if he has not been apprehended. Smith v. Coiner, 473 F.2d 877, 880-81 (4th Cir. 1973); see also Stanley v. Cox, 486 F.2d 48, 51 n.7 (4th Cir. 1973).

In any event, and as noted by the district court, the identification was reliable under the circumstances. The clerk was very close to the suspect during the robbery and his identification of Bell took place approximately forty minutes later. Although Bell was covered in black clothing from head to foot, the clerk "was able to identify the suspect from the waist down because during the robbery, the suspect kept the gun at waist-level, pointed at the [c]lerk." J.A. 273. The clerk "elaborated [on] the specific style of the suspect's pants" and testified that the suspect's "shoes were black high-tops with smooth soles and mud at the bottom." Id. Finally, the district court "observed the [c]lerk's demeanor and made special note of the degree of confidence and consistency with which he relayed the identifying information." Id. Having carefully considered the record, we conclude that the district court did not err in

finding that the identification was reliable under the circumstances of this case.<sup>*</sup>

                            III.

For the foregoing reasons, we affirm the district court's judgment.

                                              AFFIRMED

---

    * To the extent Bell argues the show-up identification violated his Sixth Amendment right to counsel, his right to counsel did not attach until after the commencement of adversarial judicial proceedings. See United States v. Alvarado, 440 F.3d 191, 199-200 (4th Cir. 2006).